# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO L. WALKER, | CASE NO. 1:10-CV-01782-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (DOC. 10) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

## **Screening Order**

**I.    Background**

Plaintiff Antonio L. Walker ("Plaintiff") was formerly a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 28, 2010. Plaintiff filed his first amended complaint on May 23, 2011. Doc. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary Of Amended Complaint And Analysis

Plaintiff was formerly incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendant CDCR correctional staff.

Plaintiff contends the following.  False information by B. Kerr led to Plaintiff being moved out of the EOP (enhanced outpatient) program.  Plaintiff complains that mental health staff failed to hold a full and fair IDTT (interdisciplinary treatment team) hearing by having an officer present during Plaintiff's hearing, denied Plaintiff's doctor-patient confidentiality, and relied on officers' statements regarding Plaintiff's treatment.

Plaintiff fails to state a claim.  Plaintiff names only one individual by name, B. Kerr, who allegedly provided false information which led to Plaintiff's removal from the EOP program. Plaintiff also complains of not receiving a fair IDTT hearing.  Plaintiff appears to be alleging a violation of due process. The Due Process Clause protects against the deprivation of liberty without due process of law.  *Wilkinson v. Austin*, 545 U. S. 209, 221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due Process Clause itself or from state law.  *Id.*  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id.*  Under state law, the

2

1  existence of a liberty interest created by prison regulations is determined by focusing on the
2  nature of the deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995).  Liberty interests
3  created by state law are "generally limited to freedom from restraint which . . . imposes atypical
4  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at
5  484; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff does not have a
6  constitutional right under due process to a classification status or eligibility for rehabilitative
7  programs.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

8       Plaintiff also fails to demonstrate how he has a liberty interest during his IDTT hearing
9  such that he merits due process.  Plaintiff fails to allege facts which demonstrate an atypical and
10 significant hardship on Plaintiff because of his removal from certain mental health treatment
11 programs.  *See Sandin*, 515 U.S. at 484.

12      If Plaintiff is attempting to allege an Eighth Amendment claim, Plaintiff also fails.  The
13 Eighth Amendment protects prisoners from inhumane methods of punishment and from
14 inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
15 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and
16 only those deprivations denying the minimal civilized measure of life's necessities are
17 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
18 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of
19 the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials
20 knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511
21 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on
22 the part of the official is not sufficient to establish liability, but rather, the official's conduct must
23 have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.  Plaintiff alleges no facts
24 that demonstrate any Defendants knew of and disregarded an excessive risk of serious harm to
25 Plaintiff's health.

26      The Court finds that Plaintiff will not be able to cure the deficiencies identified herein.
27 Accordingly, further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122,
28 1127 (9th Cir. 2000) (en banc).

**III.  Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   September 26, 2011                              /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE